Brinkerhoff, J.
The waiver of the right to the appraisal of real estate appearing to have been made by the defendants below, being no part of the judgment of the court, a question in respect to the validity and effect of such waiver, can arise only when the plaintiffs in the judgment shall attempt to sell .real estate without such appraisal.
And the only question arising on the record, which we deem it worth while to notice, is the question whether the court of common pleas had jurisdiction of the persons of the defendants below, so as to authorize that court to take cog *505 nizance of, and to render a judgment in tbe case affecting their rights.
It will be noticed that the plaintiff in this judgment is not the payee of the note on which judgment is taken, but an indorsee; and that the warrant of attorney under which judgment was confessed, purports to authorize such confession “ in favor of any holder of this obligation,” after the same becomes due. But, it was held, in broad and general terms, in the case of Osborn v. Hawley, 19 Ohio Rep., 130, that a warrant of attorney to confess judgment, attached to a note, and forming a part of the same instrument, is not negotiable, and when the note is transferred, becomes invalid and inoperative. It is true, the report of that case does not inform us whether the warrant of attorney in that case purported to authorize the confession of a judgment in favor of the payee of the note alone, or whether its terms extended, as in this case, to any holder of the note after due. But, however this may have been in that case, we suppose that, if this judgment rested upon the confession under the warrant of attorney alone, it would be very questionable whether the court of common pleas had any rightful jurisdiction of the defendants in the judgment.
But, did they not, after the entry of judgment against them, confer jurisdiction, by such an appearance and proceeding in the case, as constituted a waiver of exception to the jurisdiction ? It seems to us that they did. They were not obliged to proceed by motion, but might have resorted to proceedings in error, in the first instance. But they chose to appear and move to vacate the judgment. This, they might properly do, either on the alleged ground of a want of juris- ■ diction, or alleged irregularity or error, outside of the question of jurisdiction. What was, in fact, the ground of the motion, we are not informed; for, by agreement of parties, no record of the motion was made. In this matter, we are left to conjecture. If the motion was grounded upon irregularity, or error in the judgment alone, aside from the question of jurisdiction, the motion itself would constitute such an appearance as would have the effect to waive the question *506 of jurisdiction. If the motion was based on an alleged want of jurisdiction, it would be no such appearance or waiver; and if the motion had been erroneously determined against the defendants in the judgment, they might have taken their exceptions, and reversed the ruling of the court. But, instead of doing this, while they were in the proper court, at a proper time, and while the whole matter was under the control of that court, they voluntarily consented to the dismissal of the motion, and, by so doing, it seems to us, they voluntarily consented to let the judgment stand against them, and ought not now to be allowed to allege- a want of jurisdiction in the court which rendered it.

Judgment affirmed.

Scott, C.J., and Sutliee, Peck, and Gholson JJ., concurred.